**Antonio MONTALVO, Petitioner–Appellant,**

v.

**George SNYDER, Respondent–Appellee.**

No. 02–5790.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2003.

Antonio Montalvo, pro se, Manchester, KY, for Petitioner–Appellant.

Marianna Jackson Clay, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.[*]

## ORDER

Antonio Montalvo appeals pro se from a district court judgment that denied his petition for writ of habeas corpus relief filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1990, Montalvo pleaded guilty to criminal sexual abuse, a violation of Illinois law. He was sentenced to one year of supervision for that offense. Montalvo subsequently pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He was sentenced on that charge on October 13, 2000, to eighty-seven months of imprisonment and three years of supervised release.

In his § 2241 petition, Montalvo alleged that the Bureau of Prisons ("BOP") had violated his constitutional rights by classifying him as a sex offender under 18 U.S.C. § 4042(b). The district court awarded summary judgment to the BOP on May 29, 2002, and Montalvo now appeals.

We review an award of summary judgment *de novo*. *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is proper if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The district court described the procedural background of Montalvo's case as follows:

[T]he plaintiff pursued the BOP's administrative process to exhaustion. The BOP's position was that (1) the application of a Sex Offender Public Safety Factor to him is required under BOP Program Statement ("P.S.") 5100.07, *Security Designation and Custody Classification Manual,* regardless of whether the sexual conduct was related to his instant or a prior offense, if the behavior was aggressive or abusive in nature; and his conviction for criminal sexual abuse in 1990 calls for the application. Also, (2) as to the notification of authorities prior to his release, the BOP's position was that P.S. 5141.02, *Sex Offender Notification and Registration,* was issued to comply with a 1996 federal law, 18 U.S.C. § 4042(c), requiring the notification of authorities prior to the release of those who have been convicted of certain sexual offenses; and its application to him is also required because the criminal sexual abuse conviction is an offense which falls under the statute. The response at the final level of appeal concludes that the BOP's classification decision is appropriate, notification of release is required under the federal statute, and there is no violation of the Ex Post Facto Clause.

Montalvo had alleged that the BOP's program statements were issued without due process. The district court properly rejected this claim because it was not based on a constitutionally protected liberty or property interest. *See Cutshall v. Sundquist,* 193 F.3d 466, 478–81 (6th Cir.

1999). Montalvo has not raised any challenge to the court's ruling, and he has abandoned this claim for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

Montalvo continues to argue that the BOP violated the *Ex Post Facto* and Double Jeopardy Clauses when it classified him as a sex offender. The district court properly rejected these claims because the disputed provisions do not alter the definition of criminal conduct or increase the punishment for a crime. *See Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 1149–52, 155 L.Ed.2d 164 (2003); *Cutshall,* 193 F.3d at 473–77. The conclusory assertions in Montalvo's current briefs do not provide any effective challenge to the court's rationale for dismissing these claims.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.